FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2008 MAY 15 A 11: 36

R. Aust
S.D. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

TERRY COLEY,

    Petitioner,

vs.

CIVIL ACTION NO.: CV207-154

DEBORAH A. HICKEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Terry Coley ("Petitioner") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] while incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"). Respondent filed a Motion to Dismiss, and Petitioner has filed a Response. For the following reasons, the Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Petitioner is currently serving a 188-month sentence after his conviction of three federal drug offenses. Petitioner contends that the drug quantity involved was improperly calculated at sentencing, resulting in an incorrect base offense level being applied to his case. (Doc. No. 1, p. 4). He also asserts that the sentencing court improperly departed from the sentencing guidelines in his case. (Id. at 5-6).

---

[1] Petitioner argues that his motion was properly brought under 28 U.S.C. § 1651. As Respondent correctly notes, "[c]orum nobis relief is unavailable to a person . . . who is still in custody." United States v. Garcia, 181 F.3d 1274, 1274 (11th Cir. 1999). This is so because federal inmates have available to challenge their sentences the statutory remedy of 28 U.S.C. § 2255. United States v. Chaff, 2008 WL 656246 *1 (11th Cir. 2008). Accordingly, the Court cannot construe the application as one for corum nobis relief, as Petitioner has other relief available.

AO 72A
(Rev. 8/82)

Respondent asserts that the petition must be dismissed as a successive § 2255 motion and because Petitioner has not shown that he is entitled to use § 2255's "savings clause" to proceed under § 2241.

Petitioner was convicted and sentenced to serve 188 months in 1994. (Case Number CR1:88-342, Doc. Nos. 144 and 165). Petitioner appealed his sentence and conviction, but both were affirmed. See United States v. Coley, 104 F.3d 369 (11th Cir. 1996) (Table). Petitioner then filed a motion pursuant to § 2255 in the Northern District of Georgia on August 16, 2002, which was denied. (Case Number CR1:88-342, Doc. Nos. 233 and 235). Petitioner appealed, but was denied a certificate of appealability by the Eleventh Circuit. (Id., Doc. No. 238, 241). On December 7, 2006, Petitioner filed a motion to correct his sentence under 28 U.S.C. § 1651 in the Northern District of Georgia, which was denied. (Id., Doc. Nos. 242, 244, 245). On November 13, 2007, Petitioner filed a motion for reconsideration, which was denied on March 24, 2008. (Id., Doc. No. 247, 248).

## DISCUSSION AND CITATION OF AUTHORITY

Petitioner's allegations clearly attack the legality of his sentence imposed by the Northern District of Georgia. Ordinarily, a collateral attack of a federal conviction and sentence is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a § 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or

ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). The so-called "savings clause" of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis added). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244. Thus, Petitioner must present evidence that his claims are based upon a retroactively applicable Supreme Court decision that establishes that he was convicted for a nonexistent offense, and that circuit law foreclosed his claim from being brought at the time that it otherwise should have been raised. Petitioner has

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

failed to satisfy this burden, as he presents no claim that he was convicted of a crime which a retroactively applicable Supreme Court decision has rendered nonexistent.

Petitioner has failed to establish that § 2255 is an inadequate or ineffective remedy so as to avail himself of § 2255's savings clause. Petitioner cannot simply circumvent the procedural requirements of § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Prior to filing the instant action, Petitioner filed at least one § 2255 motion in the Northern District of Georgia. Before Petitioner can file a successive § 2255 motion in a district court, 28 U.S.C.A. § 2244(3)(a) requires that he obtain from the Eleventh Circuit Court of Appeals an order authorizing the district court to hear the petition. Because he has not done so, this Court is without jurisdiction to entertain the petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**, and that the Petition for Writ of Habeas Corpus be **DISMISSED**.

SO REPORTED and RECOMMENDED, this 15 day of May, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE